**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Dan Fowlkes, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Freedom Mortgage Corporation<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff Dan Fowlkes (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, brings this Class Action Complaint against Defendant Freedom Mortgage Corporation as follows:

## INTRODUCTION

1. Plaintiff brings this class action for damages resulting from the illegal actions of Defendant Freedom Mortgage Corporation ("Defendant," "Freedom" or "Freedom Mortgage"). Defendant placed repeated telemarketing text messages to Plaintiff's telephone – over Plaintiff's request for Defendant to stop – in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), thereby invading Plaintiff's privacy.

2. Defendant is one of the largest mortgage loan originators and servicers in the United States. To promote its business and encourage people to take out mortgage loans, Freedom operates an aggressive telemarketing campaign where it repeatedly sends text messages to telephone numbers that have been placed on the National Do-Not-Call Registry for at least 30 days and over the messaged party's objections.

3. This is not the first time Freedom Mortgage has been accused of illegal

telemarketing and violating the TCPA. For instance, on July 11, 2023, the New Jersey Attorney General and Division of Consumer Affairs announced a settlement with Freedom Mortgage to resolve allegations that it "bombarded consumers with harassing sales calls about loan refinancing, engaged in bait-and-switch sales tactics to induce them to refinance their loans, and caused them financial harm by repeatedly failing to meet its responsibilities as a loan servicer."[1]

4. Additionally, Freedom Mortgage settled a previous TCPA class action involving approximately 1.5 million people for $9.5 million where the Plaintiffs alleged that beginning in 2013, Freedom Mortgage made "unsolicited phone calls to plaintiffs' residential and cellular phones . . . without their prior written consent in violation of the TCPA" and that Freedom "placed calls even after its customers requested the calls stop." *Somogyi v. Freedom Mortg. Corp.*, 495 F. Supp. 3d 337, 344 (D.N.J. 2020) ("Plaintiffs also allege FMC's managers deleted certain 'do-not-call' requests from its computers so that their customers could be called again.").

5. Unfortunately, Freedom continues to disregard the TCPA and consumers' rights. Indeed, after Plaintiff's telephone number was added to the National Do-Not-Call Registry, and over Plaintiff's repeated requests for Defendant to "STOP" messaging him throughout the second half of 2023, Freedom has placed repeated telemarketing text messages to Plaintiff's cellular telephone encouraging him to take out a loan with Freedom or purchase a new home through Freedom (e.g., "Freedom Mortgage: Daniel, is buying a new home on your mind? We

---

[1] https://www.njoag.gov/ag-platkin-and-the-division-of-consumer-affairs-announce-502000-settlement-with-freedom-mortgage-corp/ (last visited February 5, 2024).

Moreover, in 2016 Freedom Mortgage "agreed to pay the United States $113 million to resolve allegations that it violated the False Claims Act by knowingly originating and underwriting single family mortgage loans insured by the U.S. Department of Housing and Urban Development's (HUD) Federal Housing Administration (FHA) that did not meet applicable requirements for the FHA insurance program . . . ." https://www.justice.gov/opa/pr/freedom-mortgage-corporation-agrees-pay-113-million-resolve-alleged-false-claims-act (last visited February 5, 2024).

are a top residential lender with loan programs that fit your needs. Click https://bit.ly/45WZx6R to get pre-qualified or call 888-369-2057 today."; "Freedom Mortgage: Daniel, thinking of moving this year? You can save big when you sell and buy through Freedom Home. Click https://bit.ly/3Neb6Ql to learn how to reserve your Cash Rewards or call 888-369-3409 for more info").

6.     Accordingly, Plaintiff seeks to represent a class of similarly situated persons who have also received unwanted telemarketing text messages from Freedom, and to certify the following class:

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) were sent text messages by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of encouraging the purchase or rental of Defendant's products and/or services; and (5) where either (a) Defendant did not obtain prior express written consent to message the person or (b) the called person previously advised Defendant to "STOP" messaging them.

## JURISDICTION

7.     Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 as this action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA") and 47 C.F.R. § 64.1200.

8.     The Court has personal jurisdiction over Defendant and the venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant is currently incorporated within this District and during portions of the Class Period Defendant's principal place of business was within this District.

## PARTIES

9.     Plaintiff, Dan Fowlkes ("Plaintiff"), is an adult individual residing in Fredericksburg, Virginia, and is a "person" as defined by 47 U.S.C. § 153(39).

3

10. Defendant, Freedom Mortgage Corporation ("Defendant"), is a New Jersey business entity with a principal place of business at 951 Yamato Road, Suite 175, Boca Raton, Florida 33431, and is a "person" as defined by 47 U.S.C. § 153(39). From the beginning of the Class Period through 2022, Freedom Mortgage's principal place of business was in Marlton, New Jersey.

## THE NATIONAL DO-NOT-CALL REGISTRY

11. The National Do-Not-Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2).

12. A listing on the Do-Not-Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Do-Not-Call Registry and provides a private right of action against any entity that initiated more than one such telephone solicitation within any 12-month period. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

14. In addition, the TCPA and implementing regulations prohibit the initiation of any call for telemarketing purposes to a residential telephone subscriber where the caller does not, *inter alia,* "honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made." 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(d)(3).

15. Telephone solicitations under 47 C.F.R. § 64.1200(c)(2) include text messages and "a cell phone is presumptively residential." *Chennette v. Porch.com, Inc.*, 50 F.4th 1217, 1225 (9th Cir. 2022). *See* 47 C.F.R. § 64.1200(e) ("The rules set forth in paragraph (c) and (d) of

this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers").

## FACTUAL ALLEGATIONS

16. Plaintiff registered his residential cellular telephone number, 540-XXX-8438 (the "8438 Number") with the National Do-Not-Call Registry on July 8, 2023.

17. At all relevant times, Plaintiff solely used the 8438 Number for personal and residential purposes. Additionally, the 8438 telephone number is connected to landline telephones that ring throughout Plaintiff's residence.

18. However, within the last several years Defendant sent repeated telephone solicitation text messages to Plaintiff's 8438 Number.

19. As depicted in the below screenshots, Freedom mortgage's text messages advertised that Freedom Mortgage is "a top residential lender with loan programs that fit your needs," as well as various residential mortgage loan services and products such as Freedom's "HomeAdvantage" and "Freedom Homes" services where consumers can allegedly "save big when you sell and buy" their homes with Freedom and can "reserve your Cash Rewards." The messages further encourage recipients to visit Freedom's website and to call Freedom regarding its services and products:









20. Freedom's telemarketing text messages to Plaintiff advised that he could "Text STOP=End."

21. Thus, on repeated occasions – including on August 14, 2023, August 18, 2023, August 29, 2023, September 7, 2023, September 21, 2023, October 4, 2023, October 19, 2023, November 1, 2023, November 9, 2023, November 16, 2023, November 30, 2023, and December 7, 2023 – Plaintiff messaged Defendant "STOP" and "Stop" in order to get Defendant to stop contacting him.

22. However, as depicted in the screenshots above, despite Plaintiff's unequivocal instructions that Defendant stop all text messages, Defendant continued to place telemarketing text messages to the 8438 Number.

23. Additionally, by repeatedly messaging Freedom to "STOP" contacting him, Plaintiff terminated any established business relationship that could have existed between the Parties. Indeed, a "subscriber's seller-specific do-not-call request . . . terminates an established business relationship for purposes of telemarketing and telephone solicitation even if the subscriber continues to do business with the seller." 47 C.F.R. § 64.1200(f)(5)(i).

24. Further, even though Defendant had the ability to program its telephone dialing systems to honor "STOP" requests immediately, Defendant instead deliberately programmed its telephone dialing systems to ignore such requests and continue sending telemarketing messages to consumers for months after receiving a "Stop" request.

25. None of Defendant's messages to Plaintiff's were for an emergency purpose.

26. Plaintiff was damaged by Defendant's unconsented text messages. In addition to using Plaintiff's telephone data, phone storage, and battery life, Plaintiff's privacy was wrongfully invaded, and Plaintiff has become understandably aggravated with having to deal

with the frustration of repeated, unwanted text messages, forcing Plaintiff to divert attention away from other activities.

**CLASS ACTION ALLEGATIONS**

**A. The Class**

27. Plaintiff brings this case as a class action on behalf of himself and all others similarly situated.

28. Plaintiff represents, and is a member of the following class (the "Class"):

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) were sent text messages by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of encouraging the purchase or rental of Defendant's products and/or services; and (5) where either (a) Defendant did not obtain prior express written consent to message the person or (b) the called person previously advised Defendant to "STOP" messaging them.

29. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the class members number in the thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

**B. Numerosity**

30. Upon information and belief, Defendant placed telemarketing messages to telephone numbers registered on the National Do-Not-Call List belonging to thousands of persons throughout the United States where it lacked prior express written consent to place such messages and/or such persons had previously asked Defendant to cease messaging them. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

31. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### C. Common Questions of Law and Fact

32. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

   a. Whether Defendant's messages to members of the Class were placed for telemarketing purposes;

   b. Whether Defendant can meet its burden of showing it obtained prior express written consent to place each telemarketing message;

   c. Whether the messages made to Plaintiff and Class Members violate the Do-Not-Call Registry rules and regulations;

   d. Whether Defendant deliberately programmed its telephone dialing systems to ignore "Stop" requests and continue sending telemarketing messages to telephone numbers that had previously messaged "Stop";

   e. Whether Defendant's conduct was knowing and/or willful;

   f. Whether Defendant is liable for damages, and the amount of such damages; and

   g. Whether Defendant should be enjoined from such conduct in the future.

33. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely placed telemarketing text messages to telephone numbers registered on the National Do-Not-Call Registry, and over requests to stop the

messages, is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### D. Typicality

34. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### E. Protecting the Interests of the Class Members

35. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices, and specifically claims under the TCPA.  Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

### F. Proceeding Via Class Action is Superior and Advisable

36. A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions

### COUNT I
### VIOLATIONS OF THE TCPA
### (47 U.S.C. § 227, et seq. and 47 C.F.R. § 64.1200(c)(2) & (d)(3))

37. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Plaintiff brings this claim on behalf of himself and the Class.

39. 47 C.F.R. § 64.1200(c)(2) provides that "No person or entity shall initiate any telephone solicitation to . . . (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.  Such do-not-

call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."

40. 47 C.F.R. § 64.1200(d)(3) provides that "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards: . . . Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made."

41. The TCPA provides a private right of action to "A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations . . . ." 47 U.S.C. § 227(c)(5); *see also Valdes v. Century 21 Real Est., LLC*, 2019 WL 5388162, at *3 (D.N.J. Oct. 22, 2019) ("The TCPA prohibits solicitous calls to cell phone and landline numbers by or on behalf of a company that does not implement sufficient policies and procedures for maintaining an internal list of consumers that have requested not to be called—an internal do not call list. *See* 47 U.S.C. § 227(c)(5) (establishing a private right of action for violations of 47 C.F.R. §§ 64.1200(c) and (d); 47 C.F.R. §§ 64.1200(d)(1)-(6) (identifying requirements for internal do not call list policies and procedures).").

42. Defendant initiated more than one telephone solicitation text messages to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times.

43. Each of the aforementioned messages by Defendant constitutes a violation of the TCPA and 47 C.F.R. § 64.1200(c)(2) by Defendant.

44. In addition, Defendant initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made.

45. Each of the aforementioned messages by Defendant constitutes a violation of the TCPA and 47 C.F.R. § 64.1200(d)(3) by Defendant.

46. Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each text message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(B).

47. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future pursuant to 47 U.S.C. § 227(c)(5)(A).

48. Further, Plaintiff and the Class are also entitled to and do seek a declaration that:

- Defendant violated the TCPA;

- Defendant initiated more than one telephone solicitation text to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times; and

- Defendant initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within

a reasonable period of time from the date the request was made.

## COUNT II
### Willful Violations of the Telephone Consumer Protection Act,
**(47 U.S.C. § 227, *et seq.* and 47 C.F.R. § 64.1200(c)(2) & (d)(3))**

49. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

50. Plaintiff brings this claim on behalf of himself and the Class.

51. Defendant is fully aware at all relevant times that the telephone numbers it sends telephone solicitations to are registered on the National Do-Not-Call Registry. Nonetheless, Defendant knowingly and/or willfully initiated more than one telephone solicitation text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period even though Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times.

52. In addition, Defendant deliberately programmed its telemarketing telephone systems to continue sending telemarketing messages to consumers after receiving a "Stop" request.  Accordingly, Defendant knowingly and/or willfully initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made.

53. Each of the aforementioned messages by Defendant constitutes a knowing and willful violation of the TCPA.

54. Plaintiff and the Class are entitled to an award of up to $1,500.00 in statutory damages for each message sent in knowing and willful violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(C).

55. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

56. Further, Plaintiff and the Class are also entitled to and do seek a declaration that:

- Defendant knowingly and/or willfully violated the TCPA;

- Defendant knowingly and/or willfully initiated more than one telephone solicitation text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times;

- Defendant knowingly and/or willfully initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made; and

- It is Defendant's practice and history to place telephone solicitations and telemarketing messages to persons whose telephone numbers are registered on the National Do-Not-Call Registry and to persons who had previously made a do-not-call request to Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendant as follows:

A. Injunctive relief prohibiting such violation of the TCPA by Defendant in the future;

B. Statutory damages of $500.00 for each and every text message in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(B);

C. Treble damages of up to $1,5000.00 for each and every text message in willful and/or knowing violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(C)

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and

E. Such other and further relief as may be just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 6, 2024

Respectfully submitted,

By __/s/ Sergei Lemberg_____
        Sergei Lemberg
        LEMBERG LAW, L.L.C.
        43 Danbury Road, 3rd Floor
        Wilton, CT 06897
        Telephone: (203) 653-2250
        Facsimile: (203) 653-3424

        *Attorneys for Plaintiff*